|106  147|
| 30a  88|
|106  147|
|159 ·318|
|106  147|
| 57a  33|

## J. S. FREDERICK

### v.

## CONNECTICUT RIVER SAVINGS BANK *et al.*

*Filed at Springfield March 29, 1883.*

1. APPEAL—*lies only from final judgment or decree.* Appeals and writs of error are allowed only in case of a final judgment or decree. Mere interlocutory orders or decrees entered in the progress of a case are not the subjects of review in this court, until the case is terminated by final judgment or decree.

2. SAME—*what is a final decree.* No appeal or writ of error lies on an order of the circuit court refusing to grant a temporary injunction, or on an order striking the "suit" from the docket. The striking of the suit from the docket concludes no one, and is not equivalent to a dismissal of the bill for want of equity.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. KINNEAR & MOFFETT, for the plaintiff in error.

Messrs. JAMES, JACK & MOORE, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by plaintiff in error, in the Ford circuit court, to enjoin the sale of a quarter section of land under a deed of trust given to secure the payment of a sum of money owing by plaintiff in error to the Connecticut River Savings Bank. The bill alleges that plaintiff in error, being desirous of borrowing $6000, in October, 1872, applied to Robinson & Calender, of Peoria, agents of the bank, for the loan, when it was agreed that the bank would make a loan of $5600,—$2000 on each of two quarters, and $1600 on the quarter involved in this case; that the complainant was to

pay $280 commissions,—part to Robinson & Calender, and the balance to the bank; that the loan was made, and the notes and securities executed, and complainant received but $5320; that the $280 was exacted by Robinson & Calender, by the authority of and as the agents of the bank, as commissions, over and above ten per cent, the rate of interest at which the money was loaned, whereby the transaction became usurious.

It is further alleged that the $2000 notes, each, have been paid in full; that on one was paid the sum of $2643, and on the other the sum of $3000; that in September, 1877, complainant asked for and received a renewal of the $1600, and a loan of $400 more, and gave his note for $2000, at eight per cent, payable in five years, and to secure the same he gave the trust deed on the land sought to be enjoined from sale by this suit; that $60 was deducted at the time this latter arrangement was made, complainant receiving but $340 of this last loan.

It is claimed and urged that the $60 retained as commissions was compensation to Robinson & Calender from the bank for services as its agents, and being such, it was retained as a part of the interest charged for forbearance for the loan of the money, and when added to the interest it made a rate greater than that allowed by law, and that it tainted the transaction with usury.

Plaintiff in error applied to the circuit judge, at chambers, for an order to restrain the sale of the land under the trust deed, but the application was resisted by Robinson & Calender. The bank, although made a party, was not served at that time, nor when the motion was renewed at the next term of the circuit court. The court refused to grant an injunction on both applications, and the case was, by order of the court, stricken from the docket. From the order refusing the injunction and striking the case from the docket, complainant removed the case to the Appellate Court, where, on

a hearing, the decree of the circuit court was affirmed, and he brings the case to this court on error.

Was there such a final decree in this case as to authorize an appeal or writ of error for its removal for a hearing in this court? The statute only allows appeals and writs of error where there is a final judgment or decree. Mere interlocutory orders or decrees, entered in the progress of the case, are not subject to review by this court until the case is terminated by final judgment or decree. Was this such a decree? No one will claim that the order made in vacation denying the injunction could be appealed from, because it was not final. Nor did it become so by the judge embracing in the order a provision that if plaintiff in error would give bond and obtain an order from an appellate judge, the application might be renewed at the next term of the circuit court. At that term a motion was again made to the court for an injunction, but it was denied, and the "suit" stricken from the docket. The case was not submitted on demurrer to the bill, or on the bill, answer and proofs. There was an answer by Calender, and affidavits by Robinson and Bourland, but no depositions or oral proof. The answer and affidavits seem to have been used simply to prevent the grant of a temporary injunction until the final hearing. The bank was not in court by any kind of service or appearance. Had there been service or appearance it was not defaulted or ruled to answer. The case was not then in a condition for a hearing on the merits, nor was there such a hearing. It then follows that there was no final decree in the case, and a writ of error or appeal did not lie to the Appellate Court, and if not, then a writ of error does not lie to this court.

If it be said that the order striking the "suit" from the docket is such a final order, it may be answered that such order concluded no one or any thing. On a proper application the cause could be reinstated, and progress to a final hearing and decree. And were plaintiff in error to file a bill

similar to this, can any one suppose that the order under consideration could be pleaded to bar a recovery? Surely not, because there has been no trial on the merits, either on demurrer or proofs. There must be a final hearing before the decree can be pleaded as a bar. The striking of the case from the docket was not the equivalent of dismissing the bill for the want of equity.

The writ of error in this case must therefore be dismissed.

*Writ of error dismissed.*