Estate of Kern v. Noble.

57    27
159s  311

## Estate of Anthony Kern v. Charles M. Noble.

1. DISTRESS FOR RENT—*Deceased Persons.*—A distress warrant can not be issued against a deceased person, nor against his administrator.

2. LANDLORD AND TENANT—*Death of the Tenant.*—Upon the death of a tenant, all his property liable to be distrained for rent, passes, by operation of law, to his legal representative, when appointed, and the possession of the decedent vests, as well as the title, in such legal representative.

3. RENT—*Nature of the Lien for.*—The lien given by Sec. 31, Ch. 80, R. S., entitled "Landlord and Tenant," to a landlord upon the crops grown or growing upon demised premises for the rent thereof, is a paramount lien of which every person must take notice, and which can be lost only by waiver or failure to enforce within the time limited by the statute.

4. SAME—*Probate of Claim for Classification.*—It is proper that a person having a lien for rent upon the crop of a deceased tenant, should file the same for probate against his estate, " for and on account of rent," and being allowed as such, it is immaterial as to which class placed in; the statute fixes its character, and as such it remains unless the lien is waived by the claimant.

5. SAME—*Lien for—Upon What its Vitality Depends.*—The lien for rent depends for its vitality upon the facts and the statute applicable thereto, and not upon the judgment of any court or the employment of any means for its enforcement. It precedes the means employed for its enforcement, and unless waived, continues for the period of six months after the expiration of the term without them or however defective such means may be.

6. SAME—*What Proceedings Are Not a Waiver of the Lien.*—An administrator of the estate of his deceased tenant having a lien upon the crops for rent presented a claim for the same, which was allowed by

the court as of the seventh class. He then sold the crop, and retained out of the proceeds the amount of his claim and so reported to the court. After the tenant died he had issued a distress warrant but had not levied it, and the proceeding was abandoned. *It was held* that the abandonment of the distress proceedings was not a waiver of the lien for rent.

7. SAME—*Lien for, in Administration—Deceased Tenant.*—The issue and levy of a distress warrant is not the only means for the assertion, protection and enforcement of the landlord's lien for rent, and where the tenant dies before the rent becomes due, the rights of the landlord may be protected by presenting the claim in apt time to the Probate Court for allowance. The court has ample power to protect the rights of all parties interested.

8. SAME—*Proceedings by Distress—Death of Defendant.*—Where the proceedings for the recovery of rent by distress is commenced against the tenant in his lifetime it may be continued against his administrator, for the cause of action survives and therefore the remedy also.

9. ADMINISTRATORS—*Landlord—Deceased Tenant—Right to Retain Rent from Assets.*—A landlord was appointed administrator of his deceased tenant. He filed his claim for rent while his lien was still in force, and procured its allowance with full notice to the court and to all others of its character. As administrator, he already had possession and title of the assets in trust for creditors as their respective rights might appear, and being a creditor as well, with a paramount lien upon specific assets, it was held that he could lawfully apply the proceeds of the sale of such assets in discharge of his claim.

10. PRACTICE—*Placing Causes on the Wrong Docket.*—When a cause is placed upon the wrong docket an order striking it from such docket adjudicates nothing touching the claim.

**Memorandum.**—Proceedings in administration. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in that court on appeal from the County Court; the Hon. C. D. MYERS, County Judge, presiding. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

JOHN T. LILLARD and OWEN T. REEVES, attorneys for plaintiffs in error.

BRIEF OF DEFENDANT IN ERROR, KERRICK & SPENCER, ATTORNEYS.

Proceeding by distress for rent is not the exclusive or only remedy for the assertion or protection of a landlord's lien. Thompson v. Mead et al., 67 Ill. 395; Hunter et al. v. Whitfield, 89 Ill. 231; Wetsel v. Mayers et al., 91 Ill. 497; Frink v. Pratt, 130 Ill. 333.

The abandonment of distress proceedings is not a waiver of the lien. Wetsel v. Mayers et al., 91 Ill. 497.

A mere dismissal of the cause is in no sense a final judgment and is no bar to a subsequent proceeding in the same matter. Freeman on Judgments, 3d Ed., Sec. 261, *et seq.*, and cases cited.

Nor is an order of court merely striking a cause from the docket. Frederick v. Conn. River Savings Bank, 106 Ill. 147.

Mr. Justice Pleasants delivered the opinion of the Court.

This writ of error is prosecuted by assignees of a portion of the award of the widow of the deceased against the administrator of the estate, to reverse a judgment of the Circuit Court affirming an order of the County Court, which approved the final report of said administrator. The only question made is upon the allowance to the administrator of credit for money retained by him out of the proceeds of the sale of corn, for rent due, in preference to the widow's award and other claims.

There is no dispute about the facts, which are all shown by record evidence.

Kern died November 22, 1890, and letters of administration were issued to defendant in error on the 28th. At the time of his death he was tenant upon Noble's farm, under a lease for a year, expiring March 1, 1891, and owing him, upon notes given for rent, due January 1, 1891, the sum of $980.

The widow's award amounted to $1,222.40, of which she received $400 in property and assigned the residue to John T. Lillard, for himself and Linebarger & Darnell, his co-plaintiffs in error, a copy of which was served on the administrator.

On January 7th he issued his distress warrant for the amount he claimed for rent, which was returned on the 15th, levied upon certain corn stated in the return and formally admitted on the trial to have been raised by the deceased on the demised premises.

On the same day (January 15th) he filed said notes, with his claim for " $980 and interest at six per cent from January 1, 1891, for and on account of rent," verified by his affidavit.

On the 29th he filed a petition entitled " In the County Court, Charles M. Noble v. Estate of Anthony Kern," reciting the facts above set forth, with the further statement " that said property distrained is of a perishable nature and in danger of immediate waste or decay, and the same has not been replevied or bonded;" and praying " that inasmuch as your petitioner has this claim against the said estate and is claiming a lien on such grain, some discreet person may be appointed by the court to defend such claim, and that an order may be entered " directing the bailiff to sell the property, or so much as may be necessary to pay the amount due petitioner and the costs of this proceeding, and pay the proceeds to the clerk of this court to be held by him until the amount so due should be adjudicated, and then be applied to pay said costs and claim, and the balance, if any, to the administrator to hold as assets of said estate.

It appears that this matter was by the clerk placed on the common law docket of the court as a separate case under the title above set forth, and the petition was not among the files in the case of the estate in the Probate Court; but that this was done without the direction or knowledge of the county judge, or of the petitioner, who intended it as a proceeding in said case.

On the 23d of March, 1891, the administrator's claim was presented for adjudication; whereupon the court appointed John T. Lillard to defend, who appeared, and on the hearing, without a jury, which was waived, upon the "evidence produced and the arguments of counsel," the court found there was "due to said C. M. Noble on his said claim the sum of $993.56, which is allowed and entered against said estate, as of class seven."

No further action was taken in the distress proceeding, and on the 14th of April, the following order was entered on the common law side of the County Court:

Estate of Kern v. Noble.

"C. M. NOBLE
2191            v.            } Distress for rent.
C. L.—ESTATE OF ANTHONY KERN.

And now at this day it is ordered by the court that said cause be stricken from the docket."

On the 2d of October, 1892, Noble filed his sworn petition herein, setting forth that the petition of January 29, 1891, and copy of the distress warrant above referred to, were by him intended and expected to be a part of the files in this cause, but were placed on the docket as a separate proceeding by the clerk without the knowledge or consent of petitioner, and asking that they be now considered and held to be a part of the files in this cause. It further sets forth that after the allowance of his claim he collected of the estate on sale of the corn a sum in excess of $1,046.97, out of which he retained that amount for the rent due him, with interest, and asks that his act in that behalf be approved. It also refers to a report as administrator sworn to by him on the 18th of April, 1892, not appearing in the record, as containing a charge for commissions on said sum of $1,046.97, amounting to $62.82, which he concedes was improper, and that said amount be added to that therein stated as the "balance due" from him.

To this petition plaintiffs in error answered denying the facts alleged and the rights claimed thereon.

October 8, 1892, the administrator made his final report, showing charges against himself aggregating $1,683.67 and credits for moneys paid out, by items, amounting to $1,536.93. The latter included the $1,046.97 retained by him for rent, as to which the report again states the indebtedness of Kern, at the time of his death, to the administrator for rent, the issuance and levy of the distress warrant on the corn mentioned in the report, which was raised on the demised premises, the subsequent sale of the same by Noble as administrator, and payment to himself, out of the proceeds, of said sum. It showed no payment on account of the widow's award, of which $822.40 remained unpaid, and for the payment of which and other debts, if any, a balance of only $146.74 remained in his hands as administrator.

To this report plaintiffs in error filed exceptions applicable only to the item claimed by him for rent, and for the same reasons as were set forth in their answer to his petition of October 2d. That petition and answer and this report and exceptions thereto were heard together, and an order was made thereon that the petition and distress warrant marked "filed January 29, 1891," be considered and taken as part of the files in this cause; that the exceptions to the report be overruled, and that the report be approved.

That order was by the Circuit Court affirmed, on appeal by plaintiffs in error, and upon that judgment they prosecute this writ of error.

It is shown and conceded that the full amount of the item in dispute was due from the estate of Kern to Noble for rent; that Noble, as landlord, had a lien on the crops grown on the demised premises during the term; that the corn in question was so grown, and that the amount retained by Noble was wholly out of the proceeds of his sale of the same as administrator. But it is contended that he was entitled to share only *pro rata* with other creditors of the seventh class, and with them only in the assets remaining after payment in full of the claims of the first six classes, for the reasons assigned that his claim was allowed and classed as of that class, and that he failed to institute any proper proceeding to assert and enforce his lien within six months from the determination of the lease.

It was proper that he should file for proof and allowance whatever claim he had against the estate, and clear that the claim he did file was of the seventh class described in the statute—not coming within either of the six preceding. R. S., Ch. 3, Sec. 71. But "it was made and filed expressly "for and on account of rent," and was allowed accordingly; for the judgment of allowance not being full and formal, its import and effects should be ascertained by reference to the claim. It not only fixes the amount, but identifies the cause of action. Being such, the statute gave him a lien upon the corn in question, to continue for six months from the expiration of the lease. Ch. 80, Sec. 31. It was a para-

mount lien, of which every person must take notice, and which can be lost only by waiver or failing to enforce it at the proper time. It depends for its vitality upon the facts and the statute applicable thereto, and not upon the judgment of any court or the employment of any means for its enforcement. It precedes these, and would continue for the time so fixed, without them, or however defective they might be, unless waived. Frink v. Pratt, 130 Ill. 327, and cases cited on p. 333. Hence, if the County Court, sitting in probate or at common law, had refused to recognize the claim as a lien, as is assumed and asserted in the argument, such refusal would not have affected its statutory character and dignity. But the judgment of March 23d, allowing the claim and classing it as of the seventh class without expressly giving it priority as a lien, was not such a refusal. Nor was the order of April 14th, striking the supposed case from the common law docket. There was no such case on that side of the court; it was improperly placed on that docket. The title of the petition filed with the distress warrant on January 29th, upon which it was so entered, clearly showed it belonged in the files in the case previously, and then, pending on the probate side, of which the court, in its character as a common law court, had no jurisdiction. The proper practice, therefore, was to order it stricken from its docket. Wadhams v. Hotchkiss, 80 Ill. 439. The petition being on its face addressed " To the Judge of the County Court of McLean County," entitled, " C. M. Noble v. The Estate of Anthony Kern," and stricken by that judge from his common law docket, could go nowhere but to the files in the same case on the probate side, as was evidently intended by the petitioner when it was filed, and so afterward found as a fact by the same judge in the latter case. The order striking it out adjudicated nothing touching the claim. Frederick v. The C. R. Savings Bk., 106 Ill. 147.

Whether the petition was or was not brought to the attention of the court in probate before March 23d, when the claim was allowed and classed, is not very material. It would have served to show more distinctly that Noble filed

his claim as a lien upon the corn. But the court could not, or presumably would not, have granted the order asked·for —that the bailiff sell it as perishable property, because the statute authorized it only in the course of proceeding by distress (R. S., Ch. 80, Sec. 27), and here there had been no valid distraint, the tenant having died before the warrant issued, and the proceeding so undertaken had been abandoned. No order, however, was in fact ever made by that court upon or in relation to that petition until October 8, 1892, in the one approving his final report, and by that only declaring and holding it, with the distress warrant annexed, a part of the files in this case. It had long ceased to require or admit of any other. An administrator to defend had been appointed and had served, and there had been no bailiff in possession of the corn since the claim was allowed. Noble himself, as administrator, had sold it and retained out of the proceeds the amount of his claim, and as early as the preceding April, so reported to the court. Nothing of the prayer remained and therefore nothing was denied. So there has been no adjudication against the claim as a lien to be preferred, unless by its classification. And since it does not depend for its vitality upon the institution of distress proceedings to enforce it, an abandonment of such proceedings is not a waiver of it. Wetsel v. Mayers, 91 Ill. 500. Nor do we discover any want of due diligence on his part in its prosecution. The issue and levy of a distress warrant is not understood to be the only means for the assertion, protection and enforcement of the landlord's lien. Frink v. Pratt, 130 Ill. 500. In this case there was neither necessity nor authority for a resort to that means. The tenant died before any rent became due. He was in no such default as entitled his landlord so to proceed before it became due—having neither abandoned the premises (Ch. 80, Sec. 33), nor, without his consent, sold or removed or permitted to be removed, nor been about to sell and remove, or permit to be removed from the premises any.such part of the crops raised thereon as would endanger his lien. (Sec. 34.) . Nor was the landlord in any wise to blame for the situation.

It is said he might have secured the appointment of an administrator *pro tem.*, and issued a distress warrant against him; and the case of Raugh v. Ritchie, 1 Bradwell 188, is cited as to that effect. It was there held that where proceeding by distress is commenced against the tenant in his lifetime it may be continued against his administrator, for the reason that the cause of action survives, and therefore the remedy also, and that the statute expressly provides that after service of process upon the tenant, personally or by publication, the suit "shall proceed in the same manner as in case of attachment" (chapter 80, section 20), in which the proceeding does not abate by the death of the defendant, citing Davis v. Day, 19 Ill. 386. But we know of no authority for holding that a proceeding by distress may be commenced against an administrator. Its only use is to obtain possession of the property which the tenant might otherwise so dispose of as to defeat the lien. There is no such danger from the administrator, and therefore no use for such a proceeding against him. He is under ample bonds to account for and administer it according to the law and the order of a court competent to ascertain and enforce the rights of all parties interested in it. What course, then, could be more appropriate than the one here pursued?

Noble filed his claim promptly, and obtained judgment for its allowance, with full notice to the court and all others of its character within three months of the expiration of the lease. No process was required to give him possession of the corn, or to authorize its sale. As administrator, he already had rightful possession and title, in trust for creditors and distributees, as their respective rights should appear; and if he was a creditor as well, with a paramount lien, could lawfully apply the proceeds of its sale to the payment of his debt in full, unless the provisions of the statute relating to the classification and order of payment, where the assets are insufficient to pay all claims in full, absolutely and imperatively forbade.

The provision is that "all claims against estates, when allowed by the County Court, shall be classed and paid by the executor or administrator in the manner provided in this

act, commencing with the first class ; and when the estate is insufficient to pay the whole of the demands, the demands in any one class shall be paid, *pro rata*, whether the same are due by judgment, writing obligatory, or otherwise, except as otherwise provided." Ch. 80, Sec. 71. That clearly establishes the rule, in cases of such insufficiency, of payment, *pro rata*, of classes in their order. But it makes some exception. The language employed to indicate them is different from that used in the corresponding sections of the statutes previously in force which limited them to cases indicated in those acts. R. S., 1845, Ch. 109, Sec. 120; R. S., 1833, Laws of 1829, Ch. " Wills," Sec. 114; Laws of 1823, p. 127. Here it is more general, " except as otherwise provided," which must be either by some provision of this or any other statute, or by order of the court made in the fullness of its probate jurisdiction.

In case of a proceeding by distress against a tenant, continued against his administrator, the property levied upon would be subject to execution for the sole benefit of the plaintiff, and only the residue, after payment of his claim and the costs, would be assets in the hands of the administrator. If in this case, where such a proceeding was legally impossible only by reason of the tenant's death before the rent became due, the Probate Court may not allow the claim for rent becoming due after such death, as a lien to be preferred, as well in the hands of the administrator as of any other landlord, and charge him only with the residue of the proceeds of property once subject to such lien, as assets, it must be because this statutory and paramount lien is lost, without fault or *laches* of the creditor, by such death of the debtor, and notwithstanding the survival of the claim as a cause of action.

We are of opinion that such is not the legal effect or consequence of that event, but that while it prevents the particular remedy by distress, the statute preserves the character it originally impressed upon the claim, which should be respected by any court having jurisdiction of it in which that character is duly asserted.

The judgment below will therefore be affirmed.