MARY J. BARBER, Defendant in Error, *vs.* CORA L. WOOD
*et al.* Plaintiffs in Error.

*Opinion filed October 28, 1925.*

APPEALS AND ERRORS—*order sustaining demurrer to bill or cross-bill is not final.* An order sustaining a demurrer to a bill or cross-bill is not a final, appealable order, and the Supreme Court having jurisdiction to review final orders only, will on its own motion dismiss a writ of error sued out to reverse such order.

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. HARRY L. HEER, Judge, presiding.

GARRETT, MAYNARD & FELL, for plaintiffs in error.

SEYSTER & FEARER, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error filed her bill in chancery in the circuit court of Ogle county alleging that plaintiffs in error had entered into a written contract for the sale of certain premises to Daniel B. Kump; that Kump had assigned his interest in the contract to defendant in error to secure the payment to her of a promissory note which she afterwards prosecuted to judgment, which still remained unpaid. The bill prayed that the amount due on the contract and the amount due from Kump to defendant in error should be ascertained and that the court should order Kump's interest in the contract to be sold and the proceeds applied upon his debt to defendant in error. Plaintiffs in error answered this bill and also filed a cross-bill, in which they alleged a forfeiture of the contract by reason of Kump's failure to comply with the terms thereof. Defendant in error demurred to the cross-bill and her demurrer was sustained. Plaintiffs in error elected to stand by their cross-

bill and prayed an appeal to this court, which appeal not having been perfected, the record has been brought to this court for review upon writ of error.

In this case, while the demurrer to the cross-bill was sustained and the plaintiffs in error elected to stand by the cross-bill, no final order or decree was entered by the court dismissing the cross-bill. An order sustaining a demurrer to a bill or cross-bill is not a final, appealable order, and this court having jurisdiction to review final orders only, will on its own motion dismiss a writ of error sued out to reverse such order. *Williams* v. *Huey,* 263 Ill. 275; *Livingston County Building Ass'n* v. *Keach,* 213 id. 59; *Williams* v. *Chicago Exhibition Co.* 188 id. 19.

The writ of error is dismissed.          *Writ dismissed.*