**A. W. Francke et al., Appellants, v. William W. Eadie et al., Appellees.**

**Gen. No. 9,415.**

Opinion filed August 7, 1939.

Rehearing denied October 3, 1939.

WALTER E. HEALY, of Elgin, and HARRY L. HEER, of Galena, for appellants.

NACK & NACK, of Galena, and BURRELL & BURRELL, of Freeport, for appellee; DAVID M. BURRELL, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This case was previously before this court at the October term, 1937. It is here on a second appeal. In order to properly understand the situation in the present appeal, it is necessary to understand the facts involved in the first appeal. This result can be had by a reference to the former opinion as easily as attempting to restate same here. Since the former case [294 Ill. App. 617 (Abst.)] was not a published opinion, we now incorporate same herein.

"This was a suit in chancery filed by appellants on December 28, 1925. General and special demurrers were filed to the bill. These demurrers were argued before the sitting judge, and taken under advisement by him on August 30, 1929. Subsequently, due to the retirement of that judge, there has been a succession to the jurisdiction. Nothing further transpired in the case until November 7, 1934, when the judge then presiding over the Circuit Court of Jo Daviess county entered a notation on his docket cause stricken under Rule 7. Nothing further transpired in the case until November 9, 1936, when appellants filed their motion to vacate the order striking the cause from the docket, and to reinstate same. The court denied the motion and this appeal follows:

"Rule 7 of the Circuit Court of said county is as follows:

" 'Hereafter, on the call of the docket, both law and chancery, all old cases remaining thereon, in which positive action has not been taken, and no attempt made for trial or final disposition of the same during

three years next preceding such call, may be dismissed or stricken from the docket at the costs of the plaintiff or complainant, as the case may be. The fact that any case has been placed on the trial docket at any term will not alone be sufficient to defeat the operation of this rule.'

"It is urged by appellants that the order made striking the case from the docket was not equivalent to a dismissal thereof for want of prosecution. In this respect they cite *Frederick v. Connecticut River Sav. Bank,* 106 Ill. 147. It is there held that an appeal will lie only from a final judgment or decree, that an order striking the suit from the docket is not of itself a final order or decree, and an appeal will not lie therefrom. It will be observed that Rule 7 contemplates the entry of a judgment at the time a cause is dismissed or stricken from the docket, by providing that such dismissal shall be, 'at the costs of the plaintiff or complainant, as the case may be.'

"Courts have inherent power, in the interest of justice, to dismiss suits for want of prosecution, but an order of dismissal to be final for purposes of appeal, must ordinarily be embodied in a judgment. Freeman on Judgments (5th ed. vol. 1, sec. 23).

"An appeal will not lie from an order of such a character, as there is no final judgment entered. *Harvey v. Cochran,* 103 Ill. App. 576; *First-Trust Joint Stock Land Bank of Chicago v. Cutler,* 286 Ill. App. 6. It has been said that under such circumstances, a court of review will of its own motion dismiss the appeal. *Barber v. Wood,* 318 Ill. 415.

"Various reasons are advanced by appellants in support of their contention that the court should have granted the motion to reinstate the case. Many reasons are also advanced by appellees as to why the court should not have granted such motion, among which is that of laches. The record discloses that a demurrer to the bill of complaint had been filed and argued, taken

under advisement by the chancellor, and that no disposition thereof had ever been made prior to the order complained of herein. Delay due to the necessity for judicial deliberation cannot be charged against a litigant as laches and should not be permitted to work an injustice. The majority of this court is of the opinion that the motion to redocket the cause should have been granted.

"This case is therefore reversed and remanded with directions for the trial court to grant the motion of appellants to redocket the cause."

Benjamin Eadie had died. When the cause was redocketed pursuant to mandate of this court, William W. Eadie, as executor of the estate of Benjamin Eadie, filed a plea in abatement, whereby he set up the death of the defendant to the original bill, with suggestion that by the death of such defendant the cause could proceed only against the surviving defendant, and should abate as to Benjamin Eadie, deceased. Appellants filed motion and amended motion to strike the plea in abatement. These motions were overruled by the court, the plea in abatement sustained, and the cause dismissed as to defendant William W. Eadie, as executor of the last will and testament of Benjamin Eadie, deceased. Appellants have appealed from the above order of the trial court sustaining the plea in abatement. The question presented by the parties in this appeal is, whether the proceedings below are to be governed by the Practice Act of 1907 or by the present Practice Act. It is conceded that unless par. 54 of the act (ch. 110, sec. 178, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.054]) applies, the plea was properly sustained. In this connection, rule 1 of the rules of practice and procedure of the Supreme Court, is pertinent.

On November 7, 1934, when the trial court struck the cause from the docket, under rule 7, demurrers were then pending against the bill of complaint which had

never been disposed of, but which had been argued before the court and taken under advisement. On November 9, 1936, these appellants filed their motion to vacate the order striking the cause from the docket, which had been entered two years previous. (In the meantime, Benjamin Eadie had died.) Following this and on November 16, 1936, they suggested of record the death of Benjamin Eadie and asked for the substitution of William W. Eadie as executor of the last will and testament of said deceased defendant and that summons might be issued against him as such executor. The court then entered its order that such summons might issue, without prejudice. This occurred and service was had on appellee executor on November 18, 1936. He resisted the motion of appellants to vacate the order striking the cause from the docket. The trial court denied appellants' motion to vacate the order striking the cause from the docket and the first appeal resulted.

It is contended by appellants that appellee executor by resisting the motion to vacate the order striking the cause from the docket, thereby entered his general appearance and that his plea in abatement filed upon reinstatement of the cause following the opinion of this court in the first appeal, came too late. Appellee executor answers this proposition by stating that after the cause had been stricken from the docket, there was nothing in the circiut court that remained of the case and that the only plea he has filed in this case is the plea in abatement. He further urges that a plea in abatement would have been improperly filed at a time when the case was stricken from the docket and that the first opportunity he had to file such a plea was upon its reinstatement.

The transcript of record was filed in this court on November 23, 1938. Neither the transcript nor the abstract contained a notice of appeal as required by the Civil Practice Act and by rules 33 and 34 of the rules

of the Supreme Court. The filing of a notice of appeal is jurisdictional. *Wishard v. School Directors of Dist. No. 11,* 279 Ill. App. 333; *Veach v. Hendricks,* 278 Ill. App. 376. It appears that on January 23, 1939, appellants filed their motion in this court for leave to file additional transcript of record and abstracts. It appears by the additional record and abstracts that notice of appeal was filed on November 7, 1938. It does not appear that the judge of the trial court made any order extending the time allowed for filing the report of the proceedings, as provided by rule 36 (2a) of the Supreme Court, nor does any such order appear to have been entered by this court. Under the rule, the record on appeal shall be transmitted to the reviewing court not more than 60 days after notice of appeal has been filed. It is provided by section (2b) of the above rule, that additional time within which to file the record on appeal may be had upon proper motion, affidavit, etc., but that such motion shall be made before the expiration of the time fixed for filing the record on appeal. The motion in this instance was not filed within such time. It is further provided by this section of the rule that where the record shall have been filed in the reviewing court after the expiration of the time fixed by the rule but before application to dismiss is made by appellee, the reviewing court shall dismiss the appeal. The filing of the additional transcript of record and abstracts was permitted, and were filed on February 7, 1939, but this can not serve to abrogate jurisdictional rules of practice and procedure on appeal.

The transcript of record as originally filed by appellants in this court within the 60-day period, conferred no jurisdiction on the court. It was not until a considerable time after the 60-day period had elapsed, that appellants filed their motion for leave to file an additional transcript of record, which contained a copy of notice of appeal with proof of service, and

260

copy of praecipe for record with proof of service. Appellee urges that his rights under the rule, after the expiration of the 60-day period, are equal to those of appellants thereunder, during the 60-day period. In other words, that he is as much entitled to the application of the rule after the expiration of 60 days as appellants are entitled to its application prior to the expiration of such period. In this, the court must agree. It is a matter of fixed jurisdictional limitation, and as binding on the court as on the litigants. Where no jurisdiction exists, the court cannot take jurisdiction. It therefore becomes the duty of the court to order the cause stricken, as there is no appeal pending in this court in this case.

*Cause ordered stricken.*