THE PEOPLE *ex rel.* ADRIENNE PRANSKE, Plaintiff-Appellee, *v.* RALPH LOWE, Defendant-Appellant.

First District (4th Division)   No. 78-1758

Opinion filed July 26, 1979.

John E. McKeigue, of Hazel Crest, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Cornelia Honchar Tuite, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendant, Ralph Lowe, was charged on complaint of Adrienne Pranske with being the father of her infant male child. (Ill. Rev. Stat. 1973, ch. 106¾, par. 54.) At the conclusion of the State's case, the trial court directed the jury to return a verdict that the defendant was the father of the child. Defendant appeals, contending that the trial court lacked jurisdiction to try the action.

We affirm.

The facts herein involve two separate charges brought on behalf of the complainant against the defendant. On April 23, 1974, a criminal complaint was filed in the circuit court of Cook County charging the defendant with contributing to the sexual delinquency of a minor, and a warrant issued for his arrest. On June 12, 1974, pursuant to motion of the State, the matter was stricken with leave to reinstate. After many months the warrant was apparently executed because the record shows that on June 20, 1975, the defendant posted bond, which he forfeited on November 26, 1975, by failing to appear at trial. On January 28, 1976, the defendant appeared in court with his attorney before Judge Sullivan, at which time his bond forfeiture was vacated. The record further shows that on that date the State moved to strike the matter with leave to reinstate, and that the defendant demanded trial. On February 17, 1976, the matter was removed from the court call, and no further action was ever taken thereon. However, the criminal case is tangentially involved herein.

On June 15, 1974, several months after the child's birth, the complainant filed the paternity complaint now at issue charging the defendant, an out-of-state resident, with being the father of the child and a warrant was issued for the defendant's arrest. This warrant was

never executed. On November 12, 1974, pursuant to motion of the State, the paternity case was stricken from the court's docket with leave to reinstate. The warrant apparently remained outstanding. Thereafter the "half-sheet" shows that on October 4, 1977, the following order was entered:

> "Judge Samuels: Reinstate on call *nunc pro tunc* as of 1/28/76 (deft was on call for that date in 74 MC6 60450 [criminal case]; this reinstating order not entered due to oversight); set, paternity call 10/18/77 11 a.m. at Chi Hts. State's Attorney to notify both parties."

The State has filed a supplemental transcript of proceedings in the criminal case for January 28, 1976, which indicates that on that date defendant was represented by counsel who made a motion to vacate a bond forfeiture in the criminal matter. It also indicates that service of the warrant in the paternity case had not been made because the defendant lived out of state. The court made the following directive: "Sustained and S.O.L. [criminal case], proceed on paternity." A demand for trial was then made by defense counsel on the criminal complaint.

On October 18, 1977, the "half-sheet" for the paternity action shows that the following entry was made: "M/D 11/15/77—Final. Atty not in ct." The "half-sheet" also indicates that on November 15, 1977, the paternity case was continued to December 20, 1977, on motion of the State, at which time a warrant issued against the defendant returnable February 21, 1978. On January 6, 1978, a motion to quash that warrant was sustained and a jury demand was filed. On February 21, 1978, defendant filed an answer to the paternity complaint generally denying its substantive allegations. On that date he also filed a motion to dismiss the complaint, challenging the validity of Judge Samuels' order of October 4, 1977. In general this motion, to which defendant attached the "half-sheets" heretofore summarized, asserted that the trial court lacked authority to proceed with the matter. On June 23, 1978, defendant filed a supplementary motion to dismiss the complaint generally, asserting the defense of the statute of limitations and claiming that the plaintiff failed to properly comply with section 72 of the Civil Practice Act to reinstate the case in a timely fashion. Both motions were denied. He later unsuccessfully sought reconsideration of his motions and the case thereafter proceeded to trial. The record indicates that defendant refused to participate in the trial. At the close of the State's case, the jury was instructed to return a verdict finding that the defendant was the father of the child born to the complainant, and defendant was then ordered to pay $25 per week for the benefit of the child.

Defendant contends that the trial court lacked authority to enter the order of October 4, 1977, reinstating the paternity cause to the trial

calendar. He maintains that the paternity complaint had been dismissed on November 12, 1974, when the case was removed from the docket with leave to reinstate. Thus defendant concludes that the subsequent paternity judgment is void since the court no longer has jurisdiction over defendant's person more than three years after dismissal of the paternity charge.

While it is true the Paternity Act provides that no action may be brought after the expiration of two years from the birth of the child, or, where there is an acknowledgment of paternity by written statement or in open court, within two years from the date of the last acknowledgment (Ill. Rev. Stat. 1973, ch. 106¾, par. 54), a paternity action, being civil, like all other civil actions is instituted by filing a complaint. Here the child was born in March 1974 and the complaint charging paternity was initially filed in June 1974, well within the limitation period.

■■ An order striking the action from the court docket is not conclusive, and is not equivalent to a dismissal for want of prosecution. Such order is not a final judgment. (*Frederick v. Connecticut River Savings Bank* (1883), 106 Ill. 147; *Francke v. Eadie* (1939), 301 Ill. App. 254, 22 N.E.2d 720.) In the instant case the paternity complaint was not finally disposed of by the order striking the case from the court docket on November 12, 1974 (*cf. People v. Bryant* (1951), 409 Ill. 467, 100 N.E.2d 598; *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208), and its reinstatement three years later is not barred by such claim. In addition, although unnecessary, it is clear that the *nunc pro tunc* order of October 4, 1977, reinstating the paternity suit to the court docket was fully supported by the transcript of proceedings of January 28, 1976. (*Furth v. Furth* (1972), 5 Ill. App. 3d 73, 283 N.E.2d 102.) The reinstatement of the paternity action *nunc pro tunc* was not in error. *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219, 391 N.E.2d 164.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and JOHNSON, J., concur.