THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN L. JACKSON, Defendant-Appellee.

First District (1st Division)    No. 78-1446

Opinion filed September 24, 1979.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago (Robert A. Novelle, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The State appeals from an order of the trial court sustaining the motion of defendant, John L. Jackson, to quash his arrest and suppress physical evidence and oral statements. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1).) The issues presented on appeal are: (1) whether the State filed a timely notice of appeal pertaining to the trial court's suppression of physical evidence; (2) whether the trial court erred in quashing defendant's arrest and suppressing the physical evidence seized as a result; and (3) whether the alleged oral statements made by defendant after his arrest were admissible.

Defendant was charged by information with having committed the offenses of unlawful use of weapons and false personation of a government official. (Ill. Rev. Stat. 1975, ch. 38, pars. 24—1(a)(4) and 32—5.) Prior to trial, defendant made an oral motion to quash his arrest and suppress physical evidence and statements purportedly made by defendant after his arrest. The defendant filed a formal written motion to suppress after the trial court had ruled upon both aspects of the motion.

At the hearing concerning the motion to suppress physical evidence, conducted on April 3, 1978, defendant testified that on January 2, 1978, he was driving a tow truck on the South Side of Chicago and was towing a customer's car. Defendant stopped his truck and made a telephone call to his office. Defendant observed a marked police car approximately 40 feet from where he was making the call. After completing the call, defendant returned to his truck and drove north on Ashland Avenue. Defendant was stopped by the police. After he exited from his truck, the police officers searched him and found a gun.

Chicago Police Officer John Herr testified that he knew a reliable informant for approximately 2 years. He had received information from this informant in the past regarding narcotics, weapons and vehicle offenses. This information resulted in arrests which led to two convictions. Two other people were currently released on bond and one suspect had been discharged.

The officer testified that his informant told him of a method used by automobile thieves which involved a tow truck and another car. The car would have a CB antenna and would park behind the automobile that was to be picked up by the tow truck. The driver of the car would serve as a lookout and would also monitor police calls. This driver would also notify the tow truck operator in the event the police were alerted to the theft.

The officer stated that on January 2, 1978, at approximately 8 p.m., he was on patrol with his partner in a marked police car. The officer

observed a late model car with a CB antenna closely following a tow truck. The tow truck, which was driven by defendant, was hauling an automobile. The officer stated that after the person driving the car with the CB antenna saw him, the driver immediately sped away. The officer then proceeded to check the license number of the car attached to the tow truck and discovered that the car was registered to an individual who lived several blocks in the opposite direction. The officer then stopped the truck, and defendant exited from his vehicle. Officer Herr informed defendant of the reason for the stop and asked to see defendant's identification and registration for the truck. As defendant reached for his wallet in his back pocket, the officer observed a pearl-handled revolver in defendant's waistband. The officer confiscated the weapon, placed defendant under arrest and advised defendant of his constitutional rights.

On cross-examination the officer stated that a subsequent investigation showed that the car being towed by defendant was not stolen. On redirect examination, the officer testified that it took several minutes from the time he observed the car with the CB antenna until he stopped the tow truck.

At the close of the suppression hearing, on April 3, 1978, the trial court granted defendant's oral motion to suppress the physical evidence found in possession of defendant at the time of his arrest. The trial court subsequently granted the State's motion to "SOL" the unlawful use of weapons charge, and continued the matter until April 25 to consider the motion to suppress statements allegedly made by the defendant. The parties filed written memoranda concerning the admissibility of certain statements allegedly made by defendant after his arrest. On June 2, 1978, upon hearing argument of counsel, the trial court granted defendant's motion to suppress any statements since the initial stop made by the police was illegal. The court also denied the State's motion to reinstate the unlawful use of weapons charge. On June 30, 1978, the State filed a notice of appeal from the judgment order suppressing the physical and the verbal evidence. The notice of appeal designated June 2, 1978, as the date the judgment appealed from was entered.

The State contends that the trial court erred in granting defendant's motion to quash the arrest and suppress all the evidence. However, defendant argues that the validity of the initial stop and the suppression order relating to the physical evidence is not properly before this court since the State failed to file a timely notice of appeal regarding the court's initial order quashing defendant's arrest and suppressing the physical evidence on April 3, 1978.

The record shows that defendant was charged by separate informations with unlawful use of weapons and the impersonation of a government official. In our opinion, the evidence sought to be suppressed

by defendant at the June 2, 1978, hearing was a continuation of the matter presented at the hearing on April 3, 1978. Both hearings combined sought to suppress all of the evidence that arose from a single prosecution of these offenses. (Ill. Rev. Stat. 1977, ch. 38, par. 3—3(b).) The court at the initial hearing on April 3, 1978, merely entered an order suppressing the physical evidence that defendant sought to have excluded. As noted at the close of the suppression hearing on April 3, 1978, the trial court merely granted defendant's motion to suppress the physical evidence. The matter was continued by agreement to consider the admissibility of any statements made by defendant. At that time the trial court granted the State's motion to strike the unlawful use of weapons charge with leave to reinstate (SOL). However, striking the cause from the court's docket with leave to reinstate did not render the order suppressing the weapon a final or appealable order. *People ex rel. Pranske v. Lowe* (1979), 74 Ill. App. 3d 734, 393 N.E.2d 665; *People ex rel. De Vos v. Laurin* (1979), 73 Ill. App. 3d 219, 391 N.E.2d 164.

■■ Thereafter, on June 2, 1978, the court heard arguments of counsel and concluded that the statements allegedly made by defendant were not admissible since they emanated from an illegal stop. We believe that an appeal could not have been taken by the State after the order of April 3, 1978, which suppressed the weapon. That order was not a final appealable order within the context of the entire pretrial matter raised by defendant. To require the State immediately to appeal the initial and partial suppression order would have resulted in unnecessary piecemeal litigation.

■■ Further, we do not find any merit in defendant's contention that the State's notice of appeal related only to the statements made by defendant after his arrest merely because that document referred to the judgment of June 2, 1978. The record clearly stated that the notice of appeal sought review of both the suppression of the "Physical and Testimonial Evidence." These issues were substantially related and inseparable. Therefore, it is our conclusion that the State filed both a timely and proper notice of appeal after the trial court made a complete determination of defendant's suppression motion. *Cf. Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380.

Regarding the legality of the initial stop, the State argues that the actions of the police officer constituted a valid investigation and that subsequent events gave rise to probable cause for the arrest. More specifically, the State maintains that the police officer had reasonable grounds to stop defendant since the officer reacted to certain information supplied to him by a reliable informant and because of the suspicious behavior of the individual driving the automobile that was behind the tow truck.

■■ It is well established that a police officer may approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to arrest, provided, however, there are specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion into the privacy of the person. (*Arkansas v. Sanders* (1979), ___ U.S. ___, 61 L. Ed. 2d 235, 99 S. Ct. 2586; *Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391; *Terry v. Ohio* (1968), 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) The Illinois codification of the holding in *Terry* provides as follows (Ill. Rev. Stat. 1977, ch. 38, par. 107—14):

> "A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the vicinity of where the person was stopped."

The objective determination to be made by the police officer at the time of the stop is whether the facts available warrant a man of reasonable caution to believe that the action taken was appropriate. (*People v. Sanford* (1976), 34 Ill. App. 3d 990, 341 N.E.2d 453.) A mere suspicion or a hunch is not sufficient. *People v. McGowan* (1977), 69 Ill. 2d 73, 370 N.E.2d 537, *cert. denied* (1978), 435 U.S. 975, 56 L. Ed. 2d 69, 98 S. Ct. 1624.

■■■ In the present case, we believe that there were sufficient, specific and articulable facts to justify the stop of defendant's truck. The record shows that the police officer was informed of a particular operation used in committing automobile thefts by an individual who had previously given the officer information which resulted in both arrests and convictions. (See *People v. Downing* (1976), 37 Ill. App. 3d 297, 347 N.E.2d 848.) The informant's information was corroborated when the officer testified that he observed defendant's truck towing a vehicle and an automobile with a CB antenna driving closely behind the tow truck. After the driver of the automobile supposedly saw the police officer, the driver immediately sped away. The vehicle identification check showed that the owner of the vehicle in tow lived several blocks away and in the opposite direction of where the vehicle was being taken by defendant. Clearly, these circumstances reasonably warranted the officer to stop defendant's vehicle and investigate the possible criminal behavior of defendant. (See *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419, *cert. denied* (1969), 394 U.S. 965, 22 L. Ed. 2d 567, 89 S. Ct. 1318; *In re Stiff* (1975), 32 Ill. App. 3d 971, 336 N.E.2d 619.) The test is not whether a

crime was actually committed but whether the subjective belief of the officer is based upon sufficient facts "to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense." *People v. Robinson* (1976), 62 Ill. 2d 273, 276, 342 N.E.2d 356.

■■ ■ The circumstances of the instant case similarly justify the subsequent arrest of defendant. Defendant testified that the gun was found while he was being searched by the officer, however, the officer stated that he observed the gun in defendant's waistband as defendant reached for identification. Even assuming that the police officer did find the gun while searching defendant, it is proper for a police officer to conduct a limited search for his protection after an investigatory stop. (Ill. Rev. Stat. 1977, ch. 38, par. 108—1.01; *People v. Rose* (1979), 75 Ill. App. 3d 45, 393 N.E.2d 698.) Thus, when the officer found the gun in defendant's possession, probable cause for arrest existed. *People v. Tilden* (1979), 70 Ill. App. 3d 859, 388 N.E.2d 1046.

Finally, the State contends that the trial court erred in granting the motion to suppress the evidence underlying the false personation charges. The State argues that the statements made by defendant were voluntarily made and should have been admissible. However, we need not determine this issue since it is clear that the court's ruling suppressing the statements was based upon its earlier determination quashing defendant's arrest, and no further examination of the matter was conducted. There is no evidence in the record indicating the nature of the statements or even when they occurred. Our decision to reverse the trial court's determination quashing the arrest and suppressing the physical evidence does not fully resolve the question whether the statements were properly obtained. For example, absent some additional evidence, we cannot determine whether the statements may have been obtained in violation of *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. We therefore reverse the judgment of the trial court suppressing the handgun based on the question of the legality of defendant's arrest and vacate the order of the court suppressing the statements. The cause is remanded to afford the defendant an opportunity to raise any other basis which might be applicable to prevent introduction of any of his statements that might be used against him at trial.

Reversed in part, vacated in part and remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.