LYNN FURTH, Plaintiff-Appellee, *v.* JULES FURTH, Defendant-Appellant.

(No. 54493;

First District—April 18, 1972.

Morris L. Simons, of Chicago, for appellant.

Benjamin B. Davis and Muller Davis, both of Chicago, (Davis, Jones & Baer, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from a divorce decree. Defendant appeals and contends:

1. The amount of the alimony award is excessive;
2. The amount of the award for plaintiff's attorneys fees is excessive; and
3. It is improper to enter a *nunc pro tunc* order to give a judgment retroactive effect.

The parties were married in March, 1962, and lived together until November, 1966. A son was born in December, 1963. After his birth the parties maintained full-time live-in help. The evidence reflects that they lived in a manner befitting their affluence.

Plaintiff filed a complaint for divorce on May 16, 1967, alleging cruelty. After a hearing an order was entered allowing plaintiff temporary

custody of the child, $750 a month temporary child support and no temporary alimony. Plaintiff filed a supplemental complaint on May 7, 1968, alleging desertion. Trial of the action commenced in September, 1968 and on January 7, 1969 plaintiff was awarded a divorce on the grounds of desertion.

Defendant is owner of Furth & Company, a funeral home, which he operates as a sole proprietorship. Defendant purchased the company in February, 1967, for $35,340. In August, 1968, he paid $13,870 toward the purchase price with the balance thereof to be paid in 9 semi-annual installments. The net worth of Furth & Company was $55,197.14 in 1968. Defendant owned stock worth $67,500 in August, 1968. He will receive approximately $40,000 upon final settlement of his father's estate. Defendant's gross income for 1968 was approximately $56,000; taxable income was about $46,000; and net income after taxes was approximately $34,000.

Plaintiff has not worked since her marriage although she had worked prior thereto. She owns approximately $9,000 worth of stock and has approximately $6,000 in savings accounts. Plaintiff has borrowed about $19,000 from her father since her separation from defendant.

Plaintiff's unrebutted testimony disclosed that she received a wrist injury because of defendant's physical abuse of her. An orthopedic surgeon diagnosed the disorder as an ectopic calcification of the soft tissue at the tip of the bone on the side of the wrist. Plaintiff also suffered from a back disorder which was diagnosed as long-standing degenerative changes in the disc and the fifth lumbar level. A non-rigid lumbar corset and exercises were prescribed for treatment of the back disorder. It was the opinion of plaintiff's doctor that she is not presently in need of any treatment for her ailments and that she can participate in normal activities without adverse results.

When the decree of divorce was entered on January 7, 1969, it expressly reserved jurisdiction of the court to hear evidence on the questions of permanent alimony, permanent child support, attorney's fees and other litigation expenses and whether the alimony and child support would be entered *nunc pro tunc* as of the date of the decree. The trial court thereupon filed a memorandum opinion on March 21, 1969, which directed plaintiff to prepare a supplemental judgment incorporating the provisions of the memorandum. The supplement to the divorce decree was entered on June 12, 1969, and ordered defendant to pay the following:

1. Child support of $750 a month to commence *nunc pro tunc* as of the date of the entry of the divorce decree;
2. Extraordinary medical expenses of the child;
3. One-half the cost of summer camp for the child;

4. Alimony of $750 a month to commence *nunc pro tunc* as of the date of the entry of the divorce decree;
5. All family expenses incurred prior to the filing of the complaint for divorce;
6. Costs of the divorce proceedings including that portion of plaintiff's auditor's fees not paid by her father; and
7. Plaintiff's attorneys fees of $10,000.

■■ Defendant initially contends that the amount of the alimony award is excessive. Matters usually considered by the court in determining alimony are the ages of the parties, their condition of health, the property and income of the husband, separate property and income of the wife, the station in life of the parties, whether or not there are any children dependent on either for support and the nature of the misconduct of the husband. (*Byerly v. Byerly*, 363 Ill. 517.) We have carefully considered the evidence adduced in this action and conclude that the amount of alimony awarded to plaintiff was within the range of discretion allowed to the trial court.

■■ Defendant also contends that the amount of the award for plaintiff's attorneys fees is excessive. It is well established that the allowance of attorneys fees in a divorce proceeding is within the sound discretion of the trial court and unless such discretion is abused its exercise will not be interfered with. (*Canady v. Canady*, 30 Ill.2d 440.) The trial court in the instant case heard evidence on the financial status of the parties and the extent and character of the legal services rendered. We can find no abuse of discretion.

■■ Finally, defendant contends that it is improper to enter a *nunc pro tunc* order to give a judgment retroactive effect. We agree. A *nunc pro tunc* order is an entry now for something previously done, made to make the record to speak now what was actually done then. (*In re Estate of Bird*, 410 Ill. 390.) A *nunc pro tunc* order can be entered to supply an omission in the record of an order which was actually made but omitted from the record. A *nunc pro tunc* order cannot be made to supply an omission to make an order. (*Briggs v. Briggs*, 299 Ill.App. 577.) In the case at bar the court did not order the payment of alimony or child support in the divorce decree entered on January 7, 1969, but reserved jurisdiction to hear and determine those matters. Therefore, it was improper for the court to order the alimony and child support payments to commence *nunc pro tunc* as of the date of the entry of the divorce decree since there was no order on that date regarding those matters for the *nunc pro tunc* order to relate back to. However, while we find error in the form of the order, we do not deny the power of the trial court to enter an order allowing alimony and child support retroactive

to the date of the original divorce decree. We have previously approved a retroactive award for separate maintenance, (*Bramson v. Bramson,* 17 Ill.App.2d 87), and a retroactive award for child support, (*Saxon v. Saxon,* 24 Ill.App.2d 116). In a proper case, a retroactive allowance of alimony and child support may be "fit, reasonable and just" and thus within the discretionary power to the trial court. See Ill. Rev. Stat. 1971, ch. 40, par. 19.

The order is affirmed in all respects except for the *nunc pro tunc* provision which must be stricken. The cause is remanded for the purpose of modifying the order consistent with this opinion.

Affirmed in part, reversed in part and remanded with directions.

LORENZ and LEIGHTON, JJ., concur.