JUDITH LIEBERMAN, Plaintiff-Appellee, Cross-Appellant, *v.* ORVILLE I. LIEBERMAN, Defendant-Appellant, Cross-Appellee.

(No. 58429;

First District (4th Division)—January 22, 1975.

Coghlan and Joyce and William J. Nellis, both of Chicago (James L. Coghlan, of counsel), for appellant.

Benjamin B. Davis and Muller Davis, both of Chicago (Davis, Jones & Baer, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On April 6, 1971, Judith Lieberman (plaintiff) filed an action for divorce against Orville Lieberman (defendant). Trial on this cause began June 27, 1972. The court granted the decree. The propriety of the award of alimony in gross to plaintiff has been challenged by defendant, as has the amount of the award which is characterized as excessive. Plaintiff also appeals the award, claiming that the amount fixed was inadequate and should be increased. The facts relating to this award are as follows:

Plaintiff was married to defendant for 23 years. There were two children of this marriage, both of whom are now adults. Plaintiff was 43 years old at the time of trial and was living outside the marital home.

Defendant, called by plaintiff to testify as an adverse witness, stated that he was the president of R.B. Clothing Stores, Inc. He owned 52 to

54 percent of the corporation's stock, with the remainder being held by his mother. His salary as president for 1970 and 1971 had been $100,000 per annum. During the same period, plaintiff had worked for R.B. and received $11,950 for 1970 and $6,000 for 1971. Defendant's car and his medical insurance were provided by the corporation. Sales for the corporation for the 1972 fiscal year were in excess of $8,000,000. The shareholders' net equity in the corporation was $957,412.37. Along with various other minor holdings and just less than $7,000 in his personal bank accounts, defendant had life insurance with a face value of $35,000 to $40,000 and a cash value at the time of trial of $20,000 to $25,000. The marital home in Glencoe, Illinois, was valued at $112,500, held by plaintiff and defendant as equal joint tenants. Defendant said that plaintiff normally paid all the bills except mortgage, taxes, insurance and vacations, and that he gave her $40,000 to $45,000 each year to pay the other bills. Several other witnesses then testified regarding the couple's vacations and their style of living.

Plaintiff testified that she had worked for R.B. beginning in April 1970 as a sportswear buyer. She worked for the corporation for 15 months until she was terminated after she became separated from defendant and no longer lived in their Glencoe home. She then testified as to her various monthly expenses and the extent of her personal assets, such as jewelry and stock. Defendant, testifying in his own behalf, later disputed the amounts plaintiff claimed as her expenses and discussed the amount the marital residence would bring when sold.

Defendant's initial contention is that the award of alimony in gross was an abuse of the trial court's discretion and should be reversed. It is claimed that the proper method would have been to award periodic payments, since an award of alimony in gross is appropriate only when there are exceptional circumstances or where periodic payments are not feasible. We find no merit in this argument in the instant case.

■■ In Illinois, a trial judge may award either periodic alimony payments or alimony in gross:

> "* * * The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable." (Ill. Rev. Stat. 1971, ch. 40, par. 19.)

Further, the nature of the award is a matter for the sound discretion of the trial judge, and it will not be set aside unless it is shown to be contrary to the manifest weight of the evidence. *Hoffmann v. Hoffmann*, 40 Ill.2d 344, 349-50, 239 N.E.2d 792.

The cases cited by defendant do not support his position. In both *Canady v. Canady,* 30 Ill.2d 440, 197 N.E.2d 42 and *Loeb v. Loeb,* 6 Ill. App.3d 892, 286 N.E.2d 790, cited by defendant, awards of alimony in gross were sustained by the reviewing courts. Nowhere in these opinions are there any statements that would require a finding of certain exceptional circumstances before such an award could be made. Quite the contrary, it is noted in *Canady v. Canady,* that "[b]oth the form of an award of alimony, and its amount, rest primarily in the discretion of the trial court." (30 Ill.2d 440, 444.) In *Honey v. Honey,* 120 Ill.App.2d 102, 256 N.E.2d 121, an award of alimony in gross was reversed, but this was done as the trial court had abused its discretion by failing to consider the needs of the wife in connection with the husband's ability to pay. Examining the record of the proceedings below, we cannot say that the award of alimony in gross was an abuse of discretion in the instant case and it will not, therefore, be set aside.

■■ The amount of the award is claimed to have been improper by both plaintiff and defendant. Defendant urges that the amount was excessive and an abuse of discretion, while plaintiff argues that it was not excessive and in fact was inadequate and should be enlarged. The determination of amounts of awards of alimony is a matter within the sound discretion of the trial court and will not be disturbed upon review unless it is contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg,* 11 Ill.App.3d 495, 297 N.E.2d 654; *Furth v. Furth,* 5 Ill.App.3d 73, 283 N.E.2d 102; *Loveless v. Loveless,* 128 Ill.App.2d 297, 261 N.E.2d 732.) Defendant offers little to show this court in what manner the award was so excessive as to constitute an abuse of discretion. It is stated that the amount is "patently excessive and beyond the range of discretion afforded the trial judge," but no support for this claim is offered. In a like manner, the plaintiff's claim that the award was inadequate is equally unpersuasive. The basis of plaintiff's argument is that her needs were approximately $4,000 per month or more, while the award only allowed $2,000 per month for a 12-year period, as well as her half of the proceeds of the sale of the marital residence. We believe that the trial court's estimate of plaintiff's actual needs was correct and not contrary to the manifest weight of the evidence presented. The following statement from 24 Am. Jur. 2d *Divorce and Separation* § 635, at 756 (1966) (also cited in *Sandberg v. Sandberg,* 11 Ill.App.3d at 501) is particularly appropriate in the instant case:

> "In many cases, though, the parties have lived in such a way as to consume all their income, and have even lived beyond their means before separation, so that it is obvious that each cannot maintain the same high standard of living in two separate house-

holds after the separation. Therefore it cannot be necessarily true that the wife should be furnished with funds to maintain the scale of living to which she was accustomed before the separation, and the court will determine the amount of alimony by considering what would be appropriate in the light of the incomes and resources of the parties."

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.