BARBARA D. HALL, Plaintiff-Appellee, *v.* LEIBY S. HALL,
Defendant-Appellant.

Fourth District   No. 13455

Opinion filed November 4, 1976.

Thomas F. Londrigan, of Londrigan & Potter, P. C., and J. H. Weiner, both of Springfield, for appellant.

A. James Shafter and Richard J. Welsh, both of Welsh, Kehart & Shafter, of Decatur, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

This appeal involves the propriety of a $300,000 award of alimony in gross and an award of attorneys' fees in this protracted divorce litigation. The parties were married on June 20, 1959, and divorced pursuant to a decree of the Circuit Court for the Sixth Judicial Circuit, Macon County, on March 23, 1972. This court was presented with an earlier appeal in this case wherein we held that an award of alimony in gross was warranted, rather than an award of periodic alimony. *Hall v. Hall* (1974), 18 Ill. App. 3d 583, 310 N.E.2d 186.

After remandment, the trial court awarded the plaintiff alimony in gross in the sum of $300,000. The court awarded $32,000 in attorneys' fees, of which the defendant was ordered to pay $20,000 plus an additional $7,500 to cover plaintiff's attorneys' fees in this appeal. The court fixed temporary alimony in the amount of $1,600 per month. The defendant appeals from the judgment of the trial court.

■■ Defendant attempts to reargue in this appeal the question of the propriety of alimony in gross as opposed to periodic alimony. The rule is, however, that a determination of an issue on its merits by an appellate court is final and conclusive upon the parties in a second appeal in the same case. The issues decided cannot, therefore, be reconsidered by the appellate court except upon a petition for rehearing. *Prentice v. Crane* (1909), 240 Ill. 250, 255, 88 N.E. 654.

Defendant also argues that the trial court's award of alimony in gross violates due process and equal protection. These issues, however, were not raised in the earlier appeal and cannot be properly raised at this time because the earlier appeal settled all questions raised or which might have been raised at that time. *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 132, 39 N.E.2d 1012.

■■ Defendant alleges that the trial court improperly based its $300,000 award on defendant's net worth when it should have based the

award solely on plaintiff's needs as measured by the level of support furnished by the defendant during marriage. Defendant also alleges that the award was excessive and should have been reduced to its present cash value.

It is settled that:

> " [T]he determination of amounts of awards of alimony is a matter within the sound discretion of the trial court and will not be disturbed upon review unless it is contrary to the manifest weight of the evidence. (*Sandberg v. Sandberg*, 11 Ill. App. 3d 495, 297 N.E.2d 654; *Furth v. Furth*, 5 Ill. App. 3d 73, 283 N.E.2d 732.)" (*Lieberman v. Lieberman* (1975), 25 Ill. App. 3d 654, 657, 323 N.E.2d 785, 787.)

Our supreme court has also stated that:

> "There is no hard and fast rule for the fixing of alimony. Matters which are usually considered by the court in determining alimony are the ages of the parties, their condition of health, the property and income of the husband, separate property and income, if any, of the wife, the station in life of the parties as they have heretofore lived, and whether or not there are any children dependent upon either for support, and also the nature of the misconduct of the husband." *Byerly v. Byerly* (1936), 363 Ill. 517, 525-526, 2 N.E.2d 898.

The trial court in the instant case expressly considered "the ages of the parties, their apparent good condition of health, their separate incomes and properties, their station in life and the needs of the plaintiff in relation to defendant's ability to pay" when it entered the alimony in gross award. Each of these factors was approved for consideration by the *Byerly* court, including the consideration of a husband's property and income. Accordingly, we hold that it was not error for the trial court to consider the defendant's net worth when it awarded $300,000 alimony in gross.

■■ The award of $300,000 as alimony in gross in the instant case does not appear excessive in view of the fact that plaintiff's only income is $1,000 a year from two bonds plus the award of temporary alimony which will continue through the pendency of this appeal. According to defendant's own financial statements, his net worth at the time of the divorce may have been as high as $1.6 million. The parties had been married for 12 years, although no children resulted from the marriage. Also, plaintiff has been unemployed during the marriage at the request of the defendant and she has no skill that would enable her to be readily employable. In view of these circumstances, we find that a $300,000 alimony in gross award is not excessive.

■■ In Illinois the transfer of property from one spouse to another, pursuant to a divorce decree, is governed by statutory powers granted

under sections 17 and 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, pars. 18, 19), rather than by the court's general equity powers. (*Debrey v. Debrey* (1971), 132 Ill. App. 2d 1072, 270 N.E.2d 43.) Section 18 of the Act provides:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * *. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable * * *." (Ill. Rev. Stat. 1973, ch. 40, par. 19.)

Defendant alleges that the alimony award should be reduced to its present cash value, although the only authority which defendant cites for this proposition are cases concerning damage awards which were reduced to present cash value. Section 18 merely states that the court shall enter an order concerning alimony which fits the circumstances and which the court "deems equitable." The statute does not require that alimony in gross be reduced to its present cash value. We therefore find that equity would not be served by reducing the alimony award to its present cash value since $300,000 alimony in gross is not excessive in this case.

Defendant's allegation that the fee awarded plaintiff's attorneys was excessive does not persuade us. This court has stated that:

> "The allowance of attorney's fees in a divorce proceeding rests in the sound discretion of the trial court, and unless such discretion is clearly abused, its exercise will not be interfered with. (*Canady v. Canady*, 30 Ill. 2d 440, 446, 197 N.E.2d 42; *Ylonen v. Ylonen*, 2 Ill. 2d 111, 121, 117 N.E.2d, 98.)" (*Loveless v. Loveless* (1972), 3 Ill. App. 3d 967, 972, 279 N.E.2d 531.)

We also indicated in *Loveless* that attorneys' fees for a pending appeal may be awarded by the trial court.

■■ In the instant case, plaintiff presented evidence of the reasonableness of attorneys' fees for the prior appeal, remand and the present appeal, but defendant presented none. The evidence indicated that many hours were spent on the prior appeal and remand, that more would have to be spent on this appeal, that it was an important case from the family law standpoint, and that it involved a great deal of responsibility because of the amount of money involved. Given all of these factors, we find that the trial court's award of $32,000 for the previous appeal and remand and $7,500 for the present appeal is not excessive.

■■ The trial court does not appear to have abused its discretion with regard to the allocation of attorneys' fees between the parties. Plaintiff's assets, other than alimony, consist of bonds worth $10,000, a car, a small amount of savings, some furniture and clothing. Thus, any payment of attorneys' fees to be made by her would have to come out of the alimony award. As plaintiff points out, the trial court could reasonably have awarded plaintiff a larger amount of alimony and required her to pay all of the attorneys' fees or awarded her a smaller amount of alimony and required defendant to pay all of the attorneys' fees. (*Green v. Green* (1976), 41 Ill. App. 3d 154, 354 N.E.2d 661.) With regard to the setting of attorneys' fees for the pending appeal, the trial court indicated and we agree that it was appropriate for defendant to pay since he was the one appealing and the alimony award had not been set with such a fee in mind. *Green.*

For the foregoing reasons, we affirm the judgment of the Circuit Court for the Sixth Judicial Circuit, Macon County.

Affirmed.

CRAVEN, P. J., and GREEN, J., concur.