LYNN THOMAS, Plaintiff-Appellee, *v.* KENNETH R. THOMAS, Defendant-Appellant.

Second District   No. 77-82

Opinion filed January 23, 1978.

Albert S. Salvi, of Lake Zurich, for appellant.

H. Joseph Gitlin and Victor P. Lundemo, both of Woodstock, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:
Plaintiff, Lynn Thomas, and defendant, Kenneth Thomas, were divorced in 1971, and plaintiff was given custody of their minor son. In 1974 she obtained an order allowing her and the child to move to Georgia. While there, she initially lived with her parents, but later obtained an apartment for herself and her son. A number of relevant events occurred thereafter: she allowed a male friend to live in her apartment; she remarried and has been divorced again; she pleaded guilty to a charge of shoplifting; she was charged with theft, although the charge was dismissed; and after being robbed, she purchased a gun, although the purchase was a violation of probation. Defendant obtained information about these incidents and now seeks to change the custody of the minor son to him. The trial court refused to interview the child, denied the requested modification and ordered defendant to pay plaintiff's attorney's fees totaling $870.

■■■ We are first called on to consider whether the denial of custody modification was against the manifest weight of the evidence. Defendant here has the burden of proof of showing a change of circumstances materially affecting the welfare of the minor child. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.) We view *Nye* as controlling because there is involved a modification of an original decree of custody; we have already distinguished this situation from one in which there has been no previous grant of custody of children by court order. (See *Strand v. Strand* (1976), 41 Ill. App. 3d 651, 355 N.E.2d 47.) The record shows that plaintiff provided some explanation on each alleged impropriety which was raised by defendant. Because the weight to be given testimony and the determination of what constitutes the best interest of the child are properly matters for the trier of fact, absent an abuse by the trial court, we will not substitute our judgment for that of the finder of fact. (*Wells v. Wells* (1976), 36 Ill. App. 3d 488, 344 N.E.2d 37.) Our review of the testimony given below does not show such an abuse, nor is the decision of

the trial court palpably erroneous. We accordingly hold that the decision of the trial court was not contrary to the manifest weight of the evidence.

■■ We next consider whether the trial court abused its discretion by not interviewing the minor in question. Defendant requested that the court make an *in camera* examination of the minor. The court properly noted that such an examination of a minor, particularly one of tender years, is discretionary and noted further that if an interview were to be conducted, the court would defer it. We distinguish this case from *Crownover v. Crownover* (1975), 33 Ill. App. 3d 327, 337 N.E.2d 56. In that case the trial court rejected outright the proposed testimony of an 11-year-old, and the Third District held that such an outright rejection was improper. In the cause before us, the court indicated that it would first consider whether to interview the 7-year-old. It is manifest that because the court did not interview the child, it had considered the matter and decided that there was no purpose to interview the child in this particular situation. Again, in light of the better position of the trial court and the discretion allowed it, we hold that there was no error in refusing to conduct the requested interview.

■■ We turn finally to the question of whether the order to pay plaintiff's attorney's fees was proper. Defendant argues that the record shows that no hearing was held on the plaintiff's need to have defendant pay her attorney's fees. The judgment order does note that the court was advised in the premises. The rule of construction in determining the meaning of a judgment or decree is that one must examine the situation as it existed at the rendition of the judgment. (*Waldron v. Waldron* (1973), 13 Ill. App. 3d 964, 301 N.E.2d 167.) We note that the record shows that at the time of the proceedings below, September 15, 1976, plaintiff had not been employed since the end of July of 1975. It is our view that this testimony provided the court with sufficient information to conclude that in this case plaintiff was unable to pay her own attorney's fees.

We accordingly find no error and we affirm the decision of the trial court on all points.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.