*In re* MARRIAGE OF WANDA M. SAHAGIAN *et al.*—(WANDA M. SAHAGIAN, Petitioner-Appellee, *v.* H. TOM SAHAGIAN, Respondent-Appellant.)

First District (1st Division)    No. 77-1882

Opinion filed April 2, 1979.—Rehearing denied April 30, 1979.

Herbert A. Glieberman, of Chicago (Jerome Marvin Kaplan, of counsel), for appellant.

Robert H. Hirsch, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In this action for dissolution of marriage, after a trial on the merits, judgment was entered in favor of the petitioner on the grounds of adultery. Petitioner was awarded a lump sum settlement of $25,000 as alimony in gross. The respondent appeals.

In his brief in this court, respondent contends that the trial court erred in awarding alimony to the petitioner in the first instance because petitioner did not prove her need for said alimony. Respondent further contends that the trial court erred in awarding alimony in gross.

On January 3, 1977, the petitioner filed her complaint alleging that the respondent was guilty of mental cruelty. The complaint alleged that the parties had been married for eight years; no children were born to or adopted by them; and the parties had acquired certain properties consisting of a marital residence, furniture, two automobiles and certain bank accounts. Petitioner prayed a divorce from the respondent; temporary and permanent alimony; attorney's fees and injunctional and other relief. Respondent filed a counterclaim alleging mental cruelty and seeking an award of all jointly held property. On July 25, 1977, the petitioner filed an amended complaint charging the respondent with adultery.

At trial, under oath, respondent admitted that he had committed adultery. Respondent testified he had lost his job approximately two weeks prior to the hearing. Respondent testified that he received income in the form of commissions which he did not report to the Internal Revenue Service. Petitioner testified that she had discovered W-2 forms

which established that the respondent had received $7500 in commissions in 1976. The respondent did not report this item on his income tax returns and petitioner had no previous knowledge of this income. Respondent's total earnings for 1976 were approximately $30,900.

Respondent further testified that he had received a loan of $23,000 from his mother which was used to purchase the marital residence by the parties owned in joint tenancy. Respondent testified that no note was executed for the loan, no repayments had ever been made, and he had no actual proof of the payment of the money to him from his mother.

Petitioner testified she earned a net income of $770 per month. She testified she needed alimony from the respondent to "make up the difference so that I may live the way I would like to live, or the way I have been accustomed to living the last eight years." Petitioner testified that her expenses exceeded her salary by $309 a month. Petitioner further testified that the first time she had ever heard of the $23,000 loan from the respondent's mother was after she had filed these proceedings.

Respondent's mother and sister testified that the respondent had received a loan of $23,000 from respondent's mother to enable the respondent and the petitioner to purchase their marital residence.

The judgment found that neither respondent nor his mother had any special equities in the marital residence. The judgment ordered that the marital residence remain in joint tenancy. The judgment further provided that the petitioner be awarded "lump sum alimony in gross" of $25,000 to "be paid out of the proceeds from the ultimate sale of the property" and to "act as a lien against the Defendant's [respondent's] interest" in the marital residence.

■■ Respondent contends the petitioner should not have received alimony in the first instance. This court stated in *Walters v. Walters* (1950), 341 Ill. App. 561, 567, 94 N.E.2d 726, *aff'd* (1951), 409 Ill. 298, 99 N.E.2d 342:

> "It [alimony] is based upon the husband's income and the needs of the wife determined from the standpoint of the manner in which they have been accustomed to live."

In *Comstock v. Comstock* (1977), 55 Ill. App. 3d 140, 145, 370 N.E.2d 645, this court quoted from *Pohren v. Pohren* (1973), 13 Ill. App. 3d 380, 384, 300 N.E.2d 288:

> "Our Statute (Ill. Rev. Stat. 1971, ch. 40, par. 19) provides that when a divorce is decreed, the court may make such order touching the alimony and maintenance of wife or husband as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just."

In *Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 611, 363 N.E.2d 156, this

court quoted from *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 349, 239 N.E.2d 792:

> "The awarding of alimony is a matter which resides within the sound discretion of the trial court * * * and it will not be set aside unless it is contrary to the manifest weight of the evidence."

The record before this court indicates that prior to the respondent's loss of his employment he earned a salary of approximately $37,000 per year and the petitioner earned approximately $13,000 per year. The record also indicates that the petitioner would require an additional $309 per month to meet the expenses which she would incur to maintain the standard of living she had grown accustomed to during eight years of marriage. It is apparent from this record the petitioner established she is entitled to some type of alimony from the respondent.

■■ In our opinion the award of alimony to the petitioner was fully supported by the record and was well within the discretion of the trial court. Accordingly, that judgment will not be disturbed on review.

Respondent next contends the trial court erred in awarding alimony in gross to petitioner. Authority for such an award is found in section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), which states:

> "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Respondent contends the award to petitioner was inappropriate as the only special circumstance existing at the time of trial was that the respondent was unemployed. While several cases cite special reasons why an award of alimony in gross is appropriate,- this court established in *Lieberman v. Lieberman* (1975), 25 Ill. App. 3d 654, 657, 323 N.E.2d 785, that the existence of special or exceptional circumstances is not a prerequisite to an award of alimony in gross.

Respondent's able counsel cites *Hall v. Hall* (1974), 18 Ill. App. 3d 583, 310 N.E.2d 186, *further appeal after remandment* (1976), 43 Ill. App. 3d 97, 356 N.E.2d 1156, in support of the contention that "the usual and proper procedure is to award alimony in periodic payments * * *." However, in our opinion, the great weight of authority is to the effect that "* * * the award of alimony in gross in lieu of periodic payments is within the discretion of the trial court * * *." (*Green v. Green* (1976), 41 Ill. App. 3d 154, 162, 354 N.E.2d 661, and cases there cited.) Although it is generally recognized that "* * * in Illinois, there is a judicial preference for the periodic payment of alimony rather than awards in gross" it is definitely clear that "* * * both the form and the amount of alimony rest

primarily in the discretion of the trial court * * *." *Green*, 41 Ill. App. 3d 154, 162.

■ Several cogent reasons for the award of alimony in gross to the petitioner are apparent from the record before this court. The respondent was unemployed at the time of the trial. The trial raised serious issues as to the veracity of the respondent. There was evidence of severe bickering between the parties which is manifested by the entry by the trial court of a permanent and mutual injunction enjoining the parties from harming or harassing each other. The respondent had been employed as a salesman and as such would receive a variable income due to the nature of commissions. This court held in *Harry v. Harry* (1976), 38 Ill. App. 3d 776, 780, 349 N.E.2d 69, "[v]ariability of income is a proper consideration in awarding alimony in gross."

■ Based on the record before us we hold that the award to the petitioner of a lump sum settlement as alimony in gross in the amount of $25,000 was a proper exercise of discretion by the trial court as regards both the type and the amount of the alimony awarded.

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.