SANDRA VIRZINT, Plaintiff-Appellee, v. ROBERT BERANEK, Defendant-Appellant.

First District (1st Division)   No. 1—87—3341

Opinion filed September 4, 1990.

512

MANNING, J., dissenting.

Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago (William D. Serpico and Kevin J. O'Shea, of counsel), for appellant.

No brief filed for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant in this paternity action appeals from an order which found that a support order entered on December 4, 1981, was effective on January 30, 1979, when the jury's finding of paternity was entered, rather than on December 4, 1981, when the support order was entered, as defendant had claimed. Defendant contends that the trial court's finding that the support order was retroactive to the date of the finding of paternity was against the manifest weight of the evidence since the support order contained no provision regarding the retroactive effect of the payments and (2) the trial court had no jurisdiction to alter the court order of December 4, 1981, almost six years later.

Plaintiff commenced this paternity action on March 29, 1977, alleging that defendant was the father of a child born on January 27, 1977. On January 30, 1979, a jury found defendant to be the father. This court dismissed defendant's appeal from that order because it was not final. (*Virzint v. Beranek* (1980), 85 Ill. App. 3d 919, 407 N.E.2d 701.) On December 4, 1981, the trial court entered an order requiring defendant to pay plaintiff $400 per month in support, and this court affirmed the final judgment. (*Virzint v. Beranek* (1983), 119 Ill. App. 3d 97, 456 N.E.2d 184.) Plaintiff brought proceedings to enforce the support order in 1984. Defendant objected because the support order was effective on December 4, 1981, and not "retroactive" to January 31, 1979. The court entered an order on October 10, 1987, finding that there was an agreement between the parties in the presence of the trial court that the support order was to be effective on January 30, 1979, and the court entered such a support order *nunc pro tunc* to January 30, 1979.

■ Although plaintiff has not filed an appellee's brief, we may decide the merits of the appeal since the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis*

*Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

On December 4, 1981, the trial court entered an order that defendant pay plaintiff $400 in monthly support for her and the child and $900 in medical expenses for the birth of the child. The three-page order does not state explicitly when the support payments would accrue, but the report of the proceedings shows the following colloquy after the parties had each testified and their respective counsel had argued:

> "THE COURT: Well, the Court is prepared to make a decision based on what it deems the law to be, which is the maintenance and care of the child. I did take the assets of the defendant into consideration, and the Court is going to based on that is going to order $400.00 a month for the support and maintenance of this child, and thinks that's a fair and reasonable—you may object to it, [Defense Counsel], as being excessively high and you may object to it as being excessively low but based on the evidence I heard I think that will keep the child (a) in a good relationship and maintain the child adequately and let's see what happens. That would be my theory on this case.
>
> PLAINTIFF'S COUNSEL: When is that effective, Your Honor[?] It's my understanding of the law that that should be retroactive until the day of adjudication of paternity. Is there any dispute that it's retroactive as of the date of judgment of paternity?
>
> DEFENDANT'S COUNSEL: No, I don't think there's any dispute. So the record is clear, I think counsel knows we will file a notice of appeal and post the appropriate bond. Post the appropriate bond with the court."

Despite the statement of his counsel and the above-quoted colloquy, defendant now emphasizes that the court did not address the retroactivity issue and the written order omitted any reference to it. He argues that in the circuit court judgments for child support become effective only upon the date of entry, and that plaintiff conceded in the trial court that generally an order is effective from the date of the order. However, plaintiff also argued that the transcript showed an agreement or stipulation between the parties that the order of support would be retroactive to the date of the finding of paternity. He argues that the order of October 1, 1987, could not be entered *nunc pro tunc* because there was no order to which it could relate back, since the support order did not mention retroactivity, citing *Furth v. Furth* (1972), 5 Ill. App. 3d 73, 283 N.E.2d 102. The *Furth* court stated that a *nunc pro tunc* order could be entered to supply an omis-

sion in the record of a prior order which was actually made but omitted from the record. Although the court found the form of the order was incorrect, it did not deny the power of the trial court to enter an order allowing alimony and child support to be retroactive to the date of the original divorce decree. 5 Ill. App. 3d at 76-77.

■ The record in this case makes clear that the parties agreed in open court concerning the retroactivity issue. In 1987 the court found that there was an agreement between the parties made in the presence of the trial court, and the support order of December 4, 1981, was made effective *nunc pro tunc* to January 30, 1979. As in *Furth v. Furth,* if this use of *nunc pro tunc* verbiage is inappropriate, it does not diminish the power of the court to enter a retroactive order based, as here, upon the agreement of the parties as memorialized in the transcript of the hearing before the court. Our supreme court has said that a father's obligation to support his child begins at birth. (*Gill v. Gill* (1973), 56 Ill. 2d 139, 143, 306 N.E.2d ·281.) When support obligations are modified, the court may order them "retroactive" to the date of the filing of the petition for modification. *Fink v. Roller* (1983), 113 Ill. App. 3d 1084, 1089, 448 N.E.2d 204.

■■ A judgment order must be construed with reference to the issues it was intended to decide, and it is not the form of the judgment order which is determinative but the substance and effect of the adjudication. (*Weigel v. O'Connor* (1978), 57 Ill. App. 3d 1017, 1027, 373 N.E.2d 421.) In determining the meaning of the judgment or decree, one must examine the situation as it existed at the rendition of the judgment. (*Thomas v. Thomas* (1978), 56 Ill. App. 3d 806, 808, 372 N.E.2d 679.) Defendant contends that it was the duty of plaintiff's attorney to draft the order to include a retroactive provision. However, the parties' agreement as stated in open court explains the omission of such a provision from the order. The order was not intended to determine retroactivity since the parties had agreed on that issue. We cannot find that the trial court's judgment was against the manifest weight of the evidence.

■ Defendant also maintains that the trial court had no jurisdiction to alter the order of December 4, 1981. He contends that after 30 days, plaintiff could attack the order only under the provisions of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). However, relief after 30 days may also be granted by application of the revestment doctrine, by a finding that the order is void, by agreement of the parties or by a *nunc pro tunc* order. (*First Bank v. Rezek* (1989), 179 Ill. App. 3d 956, 958, 535 N.E.2d 20.) A court has inherent power to make an entry *nunc pro*

*tunc* at any time to have the record reflect the actual order or judgment rendered. (*Thiele v. Ortiz* (1988), 165 Ill. App. 3d 983, 988, 520 N.E.2d 881.) The correction must be based on some note, memorandum or memorial in the file or records of the court and not on mere recollection, and the correction cannot be of a judicial error. (*In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 954, 482 N.E.2d 625.) Defendant contends that there was no note or memorandum in the files or records of the court to support the amendment, citing *Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 446-47, 138 N.E.2d 166, but the report of proceedings here clearly supports the requirement that there be some note or memorandum in the court files or records. (*In re Marriage of Hirsch*, 135 Ill. App. 3d at 955.) Defendant denies that an agreement was made between the parties, but we find that the trial court's conclusion that there had been an agreement concerning retroactivity was not against the manifest weight of the evidence. The court's findings that there was an agreement concerning retroactivity and that a *nunc pro tunc* order should be entered were correct. Defendant's child support obligation commenced on January 30, 1979.

Order affirmed.

BUCKLEY, P.J., concurs.

JUSTICE MANNING, dissenting:

I must respectfully disagree with my colleagues that the trial court's finding of an agreement between the parties concerning retroactivity was not contrary to the manifest weight of the evidence and that a *nunc pro tunc* order was properly entered. The evidence relied on by the trial court to conclude that an agreement existed between the parties about retroactivity is found in a brief colloquy wherein plaintiff's attorney asked whether there was any dispute as to the retroactive effect of the support to which defendant's attorney responded "No, I don't think there's any dispute." The record reveals no pronouncement from the court on the issue. In my view such an utterance falls far short of an agreement. Additionally, the judgment order which was entered was prepared by plaintiff's lawyer. Certainly, if such an agreement was intended, it would have been embodied in the judgment order. It is clearly erroneous, in the absence of some memorandum or clear statement of either the court or counsel, to speculate on what the attorneys' intent was some years ago. A *nunc pro tunc* order cannot be entered to supply an omission. It is a mechanism to correct the record as to something that actually occurred. It

must relate back to the occurrence and that occurrence should have been memorialized in some way, *i.e.*, written notation, memo, verbally uttered and set forth in a transcription, etc. *Furth v. Furth* (1972), 5 Ill. App. 3d 73, 283 N.E.2d 102, 105; *Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 446-47, 138 N.E.2d 66; *In re Marriage of Hirsch* (1985), 135 Ill. App. 3d 945, 482 N.E.2d 625.

For the foregoing reasons, I would reverse the trial court.