NOTICE
Decision filed 06/21/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210220-U

NO. 5-21-0220

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| NOLAN WATSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 19-MR-217 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | Honorable |
| | ) | Evan L. Owens, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in denying plaintiff fees and costs under section 11(i) of the Freedom of Information Act (5 ILCS 140/11(i) (West 2018)) where the court entered adverse judgments against plaintiff.

¶ 2    Plaintiff appeals from the circuit court's dismissal of his action for preliminary injunction that requested the disclosure of records under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)) and the denial of his motion to reconsider. On appeal, plaintiff only asserts that the circuit court erred in denying fees and costs under section 11(i) of FOIA (*id.* § 11(i)). For the following reasons, we affirm.

1

¶ 3                          I. BACKGROUND

¶ 4     Plaintiff, Nolan Watson, an inmate at Big Muddy River Correctional Center (Big Muddy), made several requests for his medical records while incarcerated at that facility. Each time, Watson was notified that he must follow the proper administrative process and fill out forms 0286 and 0240 to obtain his medical records.

¶ 5     In November 2019, prior to successfully obtaining his medical records through the available administrative process, Watson filed an action for preliminary injunctive relief against defendant, Illinois Department of Corrections (IDOC), and Karen Akright,[1] a Wexford Health Sources, Inc., employee contracted to provide IDOC with certain medical and record services at Big Muddy. Watson alleged that Akright violated FOIA by unlawfully withholding public documents from him, which he described as two 0286 offender request forms, two 0240 authorization for release of records forms, and all documents pertaining to his mental health history between August 28, 2018, and September 24, 2019. In addition to requesting the court order Akright to disclose these documents, Watson sought $110.34 in costs and $5000 in civil penalties.

¶ 6     At the end of December 2019, Watson submitted the proper forms to obtain his medical records. On January 29, 2020, he submitted an IDOC 0296 Authorization for Payment form to obtain copies of the records, but his account had insufficient funds to cover the cost of the copies. Big Muddy's medical records office asked Watson whether he wanted the 50 pages that he was entitled to free of charge. Watson responded that he preferred to wait until a payment posted to his account. In February 2020, Watson had sufficient funds to cover the cost of the copies, and on February 25, 2020, the medical records office mailed him all of the medical records he sought.

---

[1]On July 23, 2020, the court dismissed defendant Akright without prejudice. Watson does not challenge this dismissal, and Akright is not a party to this appeal.

¶ 7    In the meantime, on January 28, 2020, Watson filed an amended complaint, alleging that Akright had no authority to deny a FOIA request for his medical records and IDOC forms. He again requested his medical records and additional copies of IDOC forms 0286 and 0240. He also filed a motion requesting IDOC provide him with copies of the authority cited in its filings because he had limited access to the law library at Big Muddy. On February 13, 2020, the court directed IDOC to provide Watson copies of any case law, statute, or other cited material that it may reference in future pleadings.

¶ 8    On May 5, 2020, Watson sought leave to file a supplemental pleading, which the court granted. In that filing, he alleged that he submitted a FOIA request in April 2020 demanding copies of various rules in the Illinois Administrative Code (Administrative Rules) to the library agent at Big Muddy but did not receive a response. Watson attached a copy of the list of 25 items he requested from the library agent, including "all the 504's," "all the 501's," and "all the 502C's." Watson further alleged that, because of the COVID pandemic, Big Muddy went on administrative quarantine status, and many of the services in the prison law library became unavailable. In particular, he alleged that inmates were not permitted to copy provisions of the Administrative Rules or IDOC's written directives. As relief, Watson sought an injunction directing IDOC to allow inmates to make copies of any public record.

¶ 9    IDOC filed a motion to dismiss the initial complaint and supplemental pleading pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). IDOC explained that the medical records Watson sought were exempt from disclosure under FOIA because IDOC had an administrative procedure in place for inmates to obtain their medical records, and Watson already received the records he requested once he followed the proper administrative procedure. It also argued that Watson's supplemental complaint should be dismissed because the

3

materials he requested were available in the law library, except for Administrative Directive 05.50.150, which relates to prison security and falls under another exemption in FOIA.

¶ 10    Among other supporting exhibits, IDOC attached the response IDOC's FOIA officer sent to Watson, dated April 23, 2020, advising him that his FOIA request for Administrative Directive 05.50.150 was denied pursuant to section 7(1)(e) of the FOIA (5 ILCS 140/7(1)(e) (West 2018)) because it related to prison security, and that production of the remaining rules and directives was denied pursuant to section 7(1)(e-5) (*id.* § 7(1)(e-5)) because those materials were available in the prison library. IDOC further attached an affidavit from Kendall Harris, the library assistant at Big Muddy, who explained that during administrative quarantine, he responded to inmate requests for Administrative Rules or directives by making a copy, delivering it to the inmate for viewing, and then later retrieving the copy. Upon learning that Watson sought access to these materials, Harris informed Watson of this process, but Watson responded that he did not want to be given copies for viewing.

¶ 11    Watson filed a response to IDOC's motion to dismiss. Watson argued that while IDOC allowed limited viewing of the Administrative Rules sought, the rules were not available to copy. He therefore concluded that exemptions 7(1)(e-5) and 7(1)(e-7) were inapplicable because copies of the documents were not available at the prison's law library. Watson also argued that section 7(1)(e-7) did not apply to his medical records because the administrative process to obtain the records was ineffectual.

¶ 12    The circuit court granted IDOC's motion to dismiss in a docket entry dated February 11, 2021. It found that plaintiff's medical records were not subject to production under FOIA and denied Watson's motion for penalties and costs. It further noted, "all requested materials have been produced (most outside of FOIA)."

4

¶ 13    Watson filed a motion to reconsider. He asserted that the production of documents responsive to his requests was incomplete, because IDOC refused to provide copies of the requested administrative rules and directives. IDOC opposed the motion to reconsider, explaining that Harris had attempted to give Watson access to the requested materials to view, but Watson rejected that attempt. On June 9, 2021, Watson informed the court, via letter, that he had been transferred to Dixon Correctional Center.

¶ 14    A hearing on Watson's motion to reconsider was held, via Zoom, on July 12, 2021. On the same day, a docket entry was entered. In the docket entry, the court denied Watson's motion to reconsider. The court explained that although it denied the motion, it directed the State to supply Watson with "updated copies" of all of the Administrative Rules in section 504 and Rule 430.30 because Watson "argue[d] that these rules are not updated at the facilities and has now been moved for [the] 7th time." The court found that IDOC complied with FOIA and acted in good faith. It denied injunctive relief and costs. The court also noted that it advised the parties that "this is a final judgment" and IDOC was to submit an order.

¶ 15    On July 19, 2021, the court entered an order that stated:

"1. Plaintiff's Motion to Reconsider as to his requests for Administrative Rules 504 and 430.30 is GRANTED. Defendant is ordered to print and send to Plaintiff all of 20 IL Admin Code § 504 *** and a copy of Administrative Rule 430.30.

2. Plaintiff's Motion to Reconsider as to his request for all other Administrative Rules and Directives *** and his request for his mental health records is DENIED.

3. Plaintiff's Motion to Reconsider as to his request for costs and civil penalties is DENIED."

Watson timely appealed.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, Watson argues that the circuit court erred in denying his request for costs. He asserts that the docket entries of February 11, 2021, where the circuit court noted that IDOC disclosed records to Watson, and July 12, 2021, where the circuit court ordered IDOC to provide Watson with copies of certain Administrative Rules, support the conclusion that he prevailed twice and was therefore entitled to costs under section 11(i) of FOIA (*id.* § 11(i)). He also contends the circuit court confused the legal standard of section 11(j) with 11(i) of FOIA in denying costs. We review a circuit court's decision regarding a party's entitlement to fees and cost under FOIA for an abuse of discretion. *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 46.

¶ 18    Under FOIA, public bodies are required to promptly provide copies of any public record—except for those exempted—to any person who submits a request. 5 ILCS 140/3 (West 2018). The purpose of this requirement is to promote "transparency and accountability of public bodies at all levels of government." *Id.* § 1.

¶ 19    FOIA permits any person who was denied access by a public body to inspect or copy a public record to file suit for injunctive or declaratory relief. *Id.* § 11(a). If a person "prevails" in such proceedings, "the court shall award such person reasonable attorney's fees and costs." *Id.* § 11(i).

¶ 20    It appears caselaw conflicts on what "prevails" means under section 11 of FOIA. The Second District, in *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 18, found parties "prevail" if they obtained "judicially sanctioned relief." In *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 20, the First

District disagreed with *Rock River Times*. The *Uptown People's Law Center* court determined a court order was not necessary to entitle a party to costs under section 11(i) and that a party could be entitled to costs and fees based on a defendant's voluntary change in position. *Uptown People's Law Center*, 2014 IL App (1st) 130161, ¶ 21.

¶ 21 We need not weigh in on this conflict, as we find both cases are distinguishable. Unlike *Rock River Times* and *Uptown People's Law Center*, the court here entered two adverse judgments against Watson.

¶ 22 On February 11, 2021, the circuit court did not order IDOC to provide any materials, and instead, merely noted that Watson had received the materials he requested. The record shows the production of these records was not based on IDOC's voluntary change in position; rather, IDOC provided the records after Watson followed the administrative procedure IDOC always required. The circuit court explicitly granted the motion to dismiss, finding that Watson was not entitled to the requested documents under FOIA. Such judgment is adverse to Watson.

¶ 23 We also do not find the fact that the court directed IDOC to produce updated copies of the Administrative Rules after the hearing on defendant's motion to reconsider renders Watson a prevailing party. Admittedly, the July 19, 2021, order regarding the motion to reconsider is inartfully drafted. In construing a trial court's order, however, we seek to determine the trial court's intent. *People v. Lee*, 344 Ill. App. 3d 851, 855 (2003). A court order must be interpreted in its entirety with reference to other parts of the record, including pleadings, motions, and issues before the court. *Granville Beach Condominium Ass'n v. Granville Beach Condominiums, Inc.*, 227 Ill. App. 3d 715, 720 (1992). We must also "examine the situation as it existed at the rendition of the judgment." *Virzint v. Beranek*, 202 Ill. App. 3d 511, 514 (1990).

7

¶ 24  The July 12, 2021, docket entry reveals that the circuit court intended its final judgment to deny the motion to reconsider. It expressly found IDOC complied with FOIA and acted in good faith. The circuit court directed the State to produce certain Administrative Rules based only on the fact that Watson moved to a different facility that did not have the updated version of the Administrative Rules. The circuit court's explicit denial of defendant's motion to reconsider—which asserted IDOC violated FOIA by withholding certain documents—is an adverse judgment to Watson.

¶ 25  We also reject Watson's argument that the court impermissibly merged the standards for costs and fees in section 11(i) of FOIA with the standards for penalties in section 11(j) of FOIA. In a FOIA action, a court shall impose a civil penalty upon the public body if it determines that public body "willfully and intentionally failed to comply with [FOIA], or otherwise acted in bad faith." 5 ILCS 140/11(j) (West 2018). The requirement of finding bad faith is not required to award fees and costs; rather, the court shall award fees and costs if the "person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under [section 11 of FOIA]." *Id.* § 11(i).

¶ 26  We do not find the record supports the conclusion that the circuit court denied costs based on its finding that IDOC acted in good faith. Watson requested the circuit court to impose civil penalties on IDOC in his amended complaint and his motion to reconsider. The circuit court's reference to IDOC's good faith in its February 11, 2021, and July 12, 2021, docket entries therefore related to the court's basis to deny penalties against IDOC, not its denial of Watson's request to award costs.

¶ 27  Although the circuit court directed the State to produce a few of the requested documents due to Watson's current situation in a different facility, the court denied Watson's claim that he

8

was entitled to certain documents under FOIA on the merits. As such, he did not prevail under section 11 of FOIA. We therefore affirm the circuit court's denial of Watson's request for costs under section 11(i) of FOIA.

¶ 28                                    III. CONCLUSION

¶ 29    Watson was not entitled to costs under section 11(i) of FOIA where the circuit court dismissed Watson's FOIA complaint on the merits. Accordingly, we affirm.

¶ 30    Affirmed.